**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>VICENTE GARCIA,<br><br>Defendant. | Case No. 1:08-cr-00746-2<br>Hon. Charles R. Norgle |

## ORDER

Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) [1765] is denied.

## STATEMENT

Defendant was a "Supreme Regional Inca" in the notorious Chicago-based Latin Kings gang. United States v. Garcia, 754 F.3d 460, 465 (7th Cir. 2014). In the hierarchy of the Latin Kings, the Supreme Regional Inca was the regional authority second only to "La Corona," the leader of the entire gang. Id. As the Supreme Regional Inca, Defendant engaged in an assortment of illegal activities, including "murder (including attempted murder and indiscriminate shootings); drug distribution; extortion; and violent punishments of disobedient gang members." Id. For example, in "the early 2000s, [Defendant] Vicente Garcia ordered Shanna to shoot a suspected member of the rival Two–Six gang who had been seen in a bar frequented by Latin Kings. The order was carried out: Latin Kings shot the man in the chest about five times." Id. at 466. Further, Defendant ordered the punishment of gang members for violations—meaning that the offending gang member was severely beaten, sometimes with "lead pipes, hammers, or crowbars." Id. at 468. In 2013, Defendant was sentenced to over 30 years in prison for his crimes. The Bureau of Prisons ("Bureau") calculates Defendant's release date as June 20, 2043.

Before the Court is Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). As a threshold matter, the Defendant claims, and the government agrees, that the Defendant has established administrative exhaustion. However, the government argues that the Defendant has not established an extraordinary and compelling reason to warrant compassionate release. Defendant is 43 years old and argues that he is at a high risk of serious illness if he contracts COVID-19 based on his claimed medical conditions of hypertension, obesity, and compromised kidney function. Defendant already contracted COVID-19 in September 2020 and claims to have residual symptoms. The government argues that the Defendant's medical conditions do not put him at serious risk of COVID complications, especially since Defendant has already contracted COVID-19. Further, the government argues that the seriousness of the Defendant's crimes weighs heavily against granting compassionate release

regardless of his medical conditions. For the reasons set out below, the Court agrees with the government.

First, Defendant's general concerns about possible exposure to COVID-19 do not constitute extraordinary and compelling reasons that justify his compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Though not conclusive, § 1B1.13 of the U.S. Sentencing Commission's Sentencing Guidelines Manual "and its Application Notes provide a working definition of 'extraordinary and compelling reasons.'" United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020). Application Note 1(A) to §1 1B1.13 identifies serious medical conditions that substantially diminishes the ability of the defendant to provide self-care as an "extraordinary and compelling" reason. U.S.S.G. § 1B1.13, Application Note 1(A). But it does not encompass "those who fear that they may contract a disease." Gunn, 980 F.3d at 1180.

Second, although the government concedes that the Defendant has hypertension and the record supports that the Defendant is obese, the government argues that Defendant's medical records show that Defendant's conditions do not put him at a substantially increased risk for serious complications from COVID-19 and is "in stable health and is being properly treated by BOP medical personnel."[1] Defendant does not, importantly, make any argument that any of his underlying conditions substantially diminish his ability to provide self-care in general or because of specific conditions that have arisen during the COVID-19 pandemic. The severity of Defendant's hypertension is not clear from the record, and the last recording of his BMI was 34.2. The Defendant is also only 43. These medical conditions might raise his risk of complications from COVID-19 somewhat, but without more the Court cannot conclude that hypertension of unknown severity and mild obesity by themselves are sufficient to constitute an extraordinary and compelling circumstance warranting compassionate release for an inmate who is only 43. Further, the fact that Defendant has already contracted the virus does not constitute an extraordinary or compelling circumstance. United States v. Rivera, No. 2:17-CR-43, 2021 WL 568024, at *3 (N.D. Ind. Feb. 16, 2021)("Courts across the country have denied relief where the risk is based only on the fear of re-contracting COVID-19.") (collecting cases). Other more serious medical conditions, combined with other factors such as advanced age, might justify compassionate release on account of the pandemic. But Defendant's conditions are not so serious that the BOP is incapable of adequately addressing them.

In addition, COVID-19 vaccines are being administered throughout the federal prison system, including at the USP Leavenworth facility where Defendant is currently being held. See COVID-19 Vaccine Implementation, FEDERAL BUREAU OF PRISONS (last accessed May 6, 2021) available at https://www.bop.gov/coronavirus/. Defendant's vaccination status is unknown. But the increasing levels of inoculation at Defendant's facility (1) reduces his risk of infection because even if Defendant is unvaccinated, the risk of infection is inversely correlated with the rising rate of vaccination and (2) provides Defendant with a means to substantially reduce the risks associated with COVID-19 without undermining his conviction. See Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, CENTERS FOR

[1] Defendant for the first time on reply claims that he has compromised kidney function. Dkt. 1772 at 2. There is no citation provided nor can this Court locate any evidence in Defendant's medical records that he has compromised kidney function. Consequently, the Court does not consider this as a medical condition for the purposes of resolving this motion for compassionate release.

DISEASE CONTROL (last accessed May 6, 2021) available at https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html; United States v. Conrad, No. 05-CR-931-1, 2021 WL 1379496, at *3 (N.D. Ill. Apr. 12, 2021); United States v. Lohmeier, No. 12 CR 1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) (holding that a defendant's refusal of a COVID-19 vaccine "forfeits his claim that the remaining risk constitutes an extraordinary and compelling basis to reduce his sentence."); United States v. Lohmeier, No. 12 CR 1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021); United States v. O'Donnell, No. 3:20-CR-38 DRL-MGG, 2021 WL 1232768, at *2 (N.D. Ind. Apr. 1, 2021).

Finally, even if Defendant's health conditions weighed in his favor, the Court finds that the sentencing factors under 18 U.S.C. § 3553(a) do not weigh in favor of granting Defendant's motion for compassionate release. Defendant orchestrated brutal and systematic gang violence on numerous occasions over a significant period of time. Although the Court understands that Defendant has made significant efforts in prison to better himself, and the Court encourages him to continue to do so, at this stage the Court cannot reduce Defendant's sentence to time served because of the gravity of the Defendant's offenses. Defendant's offenses were serious, deliberate, and violent. Defendant has not yet served even half of his prison sentence. Releasing Defendant now would undermine the statutory goals for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Accordingly, the Court finds that Defendant's sentence of imprisonment remains "sufficient, but not greater than necessary to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). Defendant's motion for compassionate release is denied.

IT IS SO ORDERED.

ENTER:

[signature]

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: May 6, 2021